THE FARRAND & VOTEY ORGAN CO., RESPONDENT,
*v.* THE BOARD OF CHURCH EXTENSION OF THE
METHODIST EPISCOPAL CHURCH, APPELLANT.

1. *Personal Property Obtained by False Representations—Action to Recover.*

An organ was set up in a church by the plaintiff upon an agreement made with H., who represented that he was agent of the trustees, when he was not, and the trustees refused to ratify the contract and pay for it. *Held,* that the plaintiff might recover the organ, or its value in case the organ could not be returned.

2. *Demand—Reasonable Time.*

Nine months is not an unreasonable time to delay a demand for personal property, where there is reasonable expectation that by delay the matter could be adjusted without suit.

**3.** *Witness—Opinions— When not Reversible Error.*

No evidence of the ratification of a contract made in the name of trustees without their authority having been offered, the fact that a witness expressed his opinion that there was none is not reversible error.

**4.** *Replevin—Special damages.*

Without alleging special damages, the plaintiff may recover in replevin what the use of the property was reasonably worth during its detention.

(No. 944.   Decided September 30, 1898.)

Appeal from district court, Weber county; H. H. Rolapp, *judge.*

Action by the Farrand & Votey Organ Company against the Board of Church Extension of the Methodist Episcopal Church.   Plaintiff had judgment, and defendant appeals.   *Affirmed.*

*A. E. Ostien* and *A. E. Pratt*, for appellant:

The court erred in denying the nonsuit.   *Andrews* v. *Ins. Co.,* 92 N. Y. 596; *Brown* v. *Parsons,* 10 Utah 223; *Armstrong* v. *Cache L. & C. Co.* (Utah), 49 Pac. 690; *Kelly et al.* v. *Kershaw* (Utah), 14 Pac. 804 and note; *Sartwell* v. *Frost,* 122 Mass. 183; *Reed* v. *Morton,* 1 L. R. 736; *Hatch* v. *Taylor,* 10 N. H. 538; *Collins* v. *Townsend,* 58 Cal. 608; *Henderson et al.* v. *Gibbs et al.,* 18 P. 926; *Merrill* v. *Rokes,* 54 Fed Rep. 450; *Band of Lakin* v. *National Bank* (Kan.), 45 Pac. 587.   Effect of ratification: 1 Am. and Eng. Ency. of Law, 2nd ed., p. 1213.

The court's instruction as to measure of damages was error, because it did not limit plaintiff's damages to the period of time between the date of demand, September 4, 1893, to date of trial, but permitted a recovery upon the theory that defendant's possession was wrongful from its

beginning. See cases under "Nonsuit;" Wells on Replevin, sec. 534, p. 294; *Farrar* v. *East* (Ind.), 31 N. E. 1125; *Wildman* v. *Sterritt* (Mich.), 46 N. W. 657; *Bell* v. *Keepers* (Kan.), 17 P. R. 785.

The sale was absolute and unconditional without reservation of title.    *Bailey* v. *Fox* (Cal.), 20 P. R. 868; Tredeman on Sales, sec. 163, p. 225 and cases cited; *Thompson et al.* v. *Peck et al.* (Ind.), 18 N. E. Rep. 16; *Bell* v. *Keepers* (Kan.), 17 P. R. 785; *Kelly* v. *Kershaw* (Utah), 14 P. R. 804, and note; *Henderson et al.* v. *Gibbs et al.* (Kan.), 18 P. R. 926; *Jennings* v. *Gage et al.*, 13 Ill. 611; *Underwood* v. *West*, 52 Ill. 397; *Smith* v. *Brittenham*, 98 Ill. 188; *Physio-Medical College of Ind. et al.* v. *Wilkinson et al.*, 9 N. E. Rep. 167 and note; *Morrison* v. *Lods*, 39 Cal. 381; *Gifford* v. *Carville*, 29 Cal. 589.

The organ, when built in the church, became a fixture and a part of the realty, and hence not subject to claim and delivery.   *Rogers* v. *Crow*, 40 Mo. 91; *Chapman* v. *Ins. Co.*, 4 Ill. App. 29.

*Stevens & Smith*, for respondent.

ZANE, C. J.:

This is an appeal by the defendant from a judgment giving the plaintiff the possession of an organ in defendant's possession, or $3,000, its value, if not delivered, and for $410 damages.   It appears from the record that the plaintiff, a corporation dealing in organs, in the city of Chicago, Ill., entered into a written contract with J. Wesley Hill, pastor of the Methodist Episcopal Church of Ogden, Utah, who represented that he was chairman of its board of trustees, with full power to contract on behalf of the church, and who as such chairman signed and delivered the contract to the plaintiff.   The terms of the contract required the plaintiff to deliver and set the organ

up in the church by a day named, and purported to bind
the church to pay therefor $3,000. The church was also
required to pay the freight for transporting the instru-
ment from Detroit, Mich. It appears, further, that the
plaintiff set the organ up and delivered it as required,
about August 25, 1891; that on December 6, 1892, when
the contract was brought to the attention of the trustees
by the agent of the plaintiff, they disclaimed any pre-
vious knowledge of it, and informed him that Hill had
no authority to make the contract. It also appears that
the trustees had been informed by Hill that the organ
was presented to the church by one P. A. H. Franklin;
that the church must pay the freight for the trans-
portation from Detroit to Ogden, that the plaintiff ad-
vanced $490 as freight, at the request of the trustees,
and took their note therefor; that $100 was afterwards
paid on the note; that Hill paid $400 on the organ; that
these payments or the note have not been returned to
Hill or the trustees. It also appears that in November,
1892 the trustees conveyed the church building to the
defendant without mentioning the organ, and that they
still continue to repudiate the contract entered into by
Hill. The jury found the issues as to the possession of
the organ for plaintiff, and found its value to be $3,000,
and the damages for its detention $410.

There can be no doubt, from the evidence, that the
plaintiff's agent was induced to sign the contract and to
deliver the organ by the false representations of Hill
that the board had authorized him to make the contract
as its chairman, and the jury so found. When the trustees
refused to ratify the contract, or to pay for the organ,
the plaintiff was authorized to demand its return, and.
in case it was not delivered, to institute an action for its
possession, and in case possession should not be obtained,

for its value and for damages. It appears that the trustees, about May 11, 1893, deeded the church to the defendant, and that the agent of the plaintiff was present. It is claimed that the church ratified the contract by that transfer. But it also appears that the trustees at the same time, by resolution, refused to ratify the contract, and informed plaintiff's agent that it must look to Hill for payment. In view of this resolution, we cannot hold that the trustees by that transfer ratified the contract.

It further appears that on September 4, 1893, the defendant, upon demand by the plaintiff, refused to return the possession of the organ. This demand, it appears, was delayed about nine months after the trustees informed the plaintiff that the contract upon which it relied was unauthorized by them, and after they refused to ratify it. By this delay defendant insists the plaintiff waived its right to this action. We cannot concur in this view. We are authorized to presume, from the circumstances in evidence, that the plaintiff deferred its demand with a reasonable expectation that the matter would be adjusted; but, failing in that, the plaintiff had the right to insist upon a return of the organ. The witness Boreman was asked, "You may state whether the board of trustees ever ratified Mr. Hill's contract," and was permitted by the court, over the objection of defendant, to answer, "The board did not." The ruling of the court permitting the witness to express his opinion was erroneous; but there was no evidence of ratification, and, under the circumstances in evidence, we do not regard the ruling as reversible error.

Plaintiff's witness Leopold Heerwagen was permitted by the court, against defendant's objection, to state that the value of the use of the organ from the date it was set up and delivered to the church to the time of the trial

was $810, that plaintiff could have realized that much for its use during that time. This ruling of the court is also assigned as error. The rule applicable in such case has been stated as follows: "Interest on the value will not be adequate compensation, and is not the measure of damages where the use of the property detained is valuable. The owner is entitled to recover the value of the use, if he prefers it to interest, during the time he was deprived of possession. Without alleging special injury, the plaintiff may recover in replevin such damages for the detention of the property as the jury, upon all the evidence, may be satisfied that its use, considering its nature and character, was worth during the time of the detention." 3 Suth. Dam. § 1144.  The jury found, as damages for the detention of the organ by defendant, the amount of $410,—a little more than half the value of the use of the organ as stated by the witness.  We are of the opinion that it was not error to allow the plaintiff the value of the use of the property during its unlawful detention, instead of interest on its value.

The defendant urges, further, that the plaintiff was required to return the note for $490, for freight, advanced to it by the trustees.  At that time they understood that they were simply to pay the freight, and that Franklin would present the organ to the church, and the plaintiff understood that Hill was authorized to bind the church; both parties were deceived by him.  Whether the plaintiff can enforce the collection of that note it is not necessary to decide.  We are of the opinion that the court did not err in holding that this suit could be maintained without the return of the note, or the $100 paid by the trustees upon it, or without returning to Hill the $400 paid by him on the organ.  We also hold that the organ did not become realty by being set up in the church building. It

was not so attached to the building as to make it real estate, and therefore it could be taken upon a replevin writ. We find no reversible error in this record. The judgment is affirmed.

BARTCH and MINER, JJ., concur.